**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO.

VICTOR SEPULVEDA,

      Plaintiff,

vs.
THE CITY OF DORAL,
a municipal corporation,
OMAR FELIPE, individually,
ALBERTO TELLEZ, individually,
MICHAEL ACOSTA, individually, and
JAVIER DIAZ, individually.

      Defendants.

_____/

**<u>COMPLAINT</u>**

**<u>INTRODUCTION, JURISDICTION, and VENUE</u>**

1.      This is an action for damages in excess of $75,000.00, arising out of one or more violations of State and Federal laws, detailed below.

2.      This action is brought pursuant to 42 U.S.C. §1983, 1988, and the Fourth, and Fourteenth Amendments to the United States Constitution, and the tort law of Florida.   Jurisdiction is founded on 28 U.S.C. §1331, 1343, 42 U.S.C. §1988, the constitutional provisions mentioned above, and under the tort law of Florida.

3.      This action is brought on behalf of VICTOR SEPULVEDA ("SEPULVEDA") whose rights were initially violated when he was illegally seized and searched by City of Doral ("CITY") police officers.  His privacy rights were invaded.  Defendant police officers then battered him by way of excessive force, took him on a "rough ride" that led him to believe he would be killed, falsely arrested and imprisoned SEPULVEDA, causing him to be wrongfully detained, followed by a malicious prosecution that they caused to last for three (3) months.  In connection with the acts and violations alleged below, the

1

individual Defendants have each violated the constitutional rights of SEPULVEDA. Plaintiff seeks damages from the CITY and individual police officers.

4.      Venue is proper in this district because it is where the events complained of occurred.

5.      All conditions precedent to the maintenance of this action have been performed or have occurred prior to its institution including those set forth in Florida Statute Chapter 768.

6.      SEPULVEDA seeks awards of damages for permanent, physical, mental and emotional injuries, costs associated with criminal arrest including bondsman and criminal defense attorney charges, medical bills caused by Defendants' beatings and rough ride, loss of earning capacity, loss of enjoyment of life, punitive damages, court costs, attorneys' fees, and other damages as described more fully below.

## PARTIES

7.      SEPULVEDA is a resident of Miami-Dade County, Florida and sui juris.

8.      CITY is a political subdivision of the State of Florida.

9.      CITY, for the protection of its citizens and the enforcement of its laws and the laws of the State of Florida, operates the City of Doral Police Department ("DPD").

10.      DPD was operational on September 13, 2017.

11.      OMAR FELIPE ("FELIPE"), ALBERTO TELLEZ ("TELLEZ"), MICHAEL ACOSTA ("ACOSTA") and JAVIER DIAZ ("DIAZ") (collectively "Defendants"), were at all times material employees or agents of the City of Doral.

12.      On September 13, 2017 and September 14, 2017 (hereinafter "DOI" for Dates of Incident), each of Defendants was a police officer with DPD.

## GENERAL ALLEGATIONS

13.      On DOI, SEPULVEDA was sitting in his car on public property.

14.     On DOI, FELIPE was driving, when he noticed SEPULVEDA, who was sitting inside his car and using his phone while on public property.

15.     On DOI, without probable cause and/or a reasonable suspicion that a crime was afoot, FELIPE illegally ordered SEPULVEDA to get out of his vehicle.

16.     At no time on DOI did SEPULVEDA resist or pose a threat to any of Defendants.

17.     SEPULVEDA provided his vehicle registration and drivers license when requested by Defendants.

18.     SEPULVEDA complied with Defendants' orders to get out of his vehicle.

19.     Defendants violated the 4th Amendment rights of SEPULVEDA by forcing him to spread his arms against the vehicle and by conducting an illegal search.

20.     When asked if he was carrying a firearm, SEPULVEDA complied and pointed at where his lawfully concealed carry was on his body.

21.     Within a few minutes, and with no legal justification, TELLEZ violently pinned SEPULVEDA against his vehicle.

22.     TELLEZ transported SEPULVEDA to a station.

23.     Defendants and Officer Maylee Barderas tried to get SEPULVEDA to participate in a DUI investigation.

24.     Knowing he did nothing wrong and that he was being harassed, SEPULVEDA refused.

25.     Defendants were visibly angry that SEPULVEDA would not answer their questions, participate in roadside exercises, breathe into a brethalyzer, or sign various documents that were presented to him for his signature.

26.     Based in part on the representations of her fellow officers, Officer Barderas arrested SEPULVEDA for numerous offenses.

27.     Officer Barderas announced that she would transport SEPULVEDA to jail.

28.     One of the Defendants indicated that he would transport SEPULVEDA.

29.     DIAZ and ACOSTA took the handcuffed SEPULVEDA towards DIAZ's car.

30.     SEPULVEDA, while in handcuffs, was held while each of the Defendants took turns battering him.

31.     Each Defendant failed to intervene when SEPULVEDA was battered by another Defendant.

32.     SEPULVEDA, still in handcuffs, was then placed in the back of DIAZ's car where he was made to sit for approximately one (1) hour without air conditioning.

33.     Then, DIAZ took water from DIAZ's vehicle and poured it all over the back seat of DIAZ's vehicle.

34.     DIAZ and ACOSTA then drove in a reckless manner along different roads in Miami-Dade County while SEPULVEDA slid around in the back seat.

35.     SEPULVEDA was handcuffed and could not defend himself.

36.     SEPULVEDA was not placed in a seat belt.

37.     At one point, while DIAZ and ACOSTA drove over a train track at a speed of approximately 100 miles per hour, their vehicle flew in the air, and SEPULVEDA's head collided with the inside roof of the vehicle.

38.     On numerous occasions throughout the "rough ride" SEPULVEDA slammed his head into the divider that separates the front seat area and the back seat area, causing numerous hematomas and ultimately scars to his head.

39.     SEPULVEDA feared for his life while in the back of the police vehicle.

40.     SEPULVEDA was then taken to by Defendants to TGK Correctional Center (hereinafter "TGK").

41.     Once he arrived at TGK, SEPULVEDA was examined by a Jackson Hospital

medical staff member.

42.     SEPULVEDA was rejected from TGK as they were concerned of he suffered a possible head injury and notified the Defendants that SEPULVEDA needed to be taken to a hospital.

43.     SEPULVEDA was taken to Kendall Regional Medical Center for emergency treatment of his injuries caused by Defendants.

44.     SEPULVEDA never resisted any of the Defendants.

45.     SEPULVEDA never battered any of the Defendants.

46.     On DOI, SEPULVEDA was not driving his vehicle in violation of the State of Florida's driving under the influence of alcohol laws.

47.     SEPULVEDA was wrongfully charged with numerous crimes including DUI and resisting arrest from an officer.

48.     In an effort to justify their conduct, each individual Defendant lied about different facts to set up and continue the prosecution of SEPULVEDA.

49.     Nearly three (3) months after the night of the arrest, despite efforts from multiple Defendants to have the prosecution continue, the State of Florida dropped the charges against SEPULVEDA when none of the Defendants were willing to show up to criminal court to testify on the date of trial.

50.     On DOI, FELIPE, ACOSTA, TELLEZ, and DIAZ were acting within the course and scope of their employment and under color of law, to wit, under color of statutes, ordinances, regulations, policies, customs and usages of the State of Florida and/or DPD.

51.     At the relevant time, FELIPE, ACOSTA, TELLEZ, and DIAZ participated in a course of conduct which they knew, or reasonably should have known, was intended to and did result in abridgment and deprivation of SEPULVEDA's rights and privileges,

as secured under the Constitution of the United States of America.

52.     Defendants charged SEPULVEDA with: Resisting an Officer without Violence; Driving Under the Influence; Refusing to Submit to a Breathalyzer; Refusing to Submit to a Breathalyzer (Second offense); Possessing more than one Driver's License; and Refusing to Sign a Summons.

53.     Defendants committed numerous egregious acts, including but not limited to the acts when they: jointly decided to arrest SEPULVEDA despite knowing that he did not commit a crime; jointly decided to lie in order charge SEPULVEDA with a misdemeanour despite knowing he did not commit any crime and in an effort to justify the multiple injuries SEPULVEDA suffered.

54.     SEPULVEDA was criminally prosecuted in Miami-Dade County for nearly three (3) months pursuant to case number B-17-025818.

55.     On December 18, 2017, the State of Florida dropped all pending charges against SEPULVEDA.

56.     All conditions precedent to suit have been performed, have occurred or have been excused.

### COUNT I
### SEPULVEDA'S CLAIM OF BATTERY AGAINST CITY

57.     Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

58.     CITY is responsible for the conduct of the police officers in its employ.

59.     On or about September 13, 2017, FELIPE, ACOSTA, TELLEZ, and DIAZ, while acting within the course and scope of their employment with CITY, battered SEPULVEDA without legal justification.

60.     SEPULVEDA never consented to this conduct from FELIPE, ACOSTA, TELLEZ, and/or DIAZ.

61.     As a direct and proximate result of this conduct of Defendants, SEPULVEDA has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; outrage; lost wages; financial losses; the costs of bringing suit; and other general damages.

**COUNT II**
**SEPULVEDA'S CLAIM OF FALSE ARREST AGAINST CITY**

62.     Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

63.     FELIPE, ACOSTA, TELLEZ, and DIAZ were acting within the course and scope of their employment with CITY, when they used unnecessary force and forcibly and without probable cause arrested SEPULVEDA.

64.     At all material times, Defendants wrongfully and unlawfully caused SEPULVEDA to be falsely imprisoned and confined while there was no probable cause to do so.

65.     At all material times, the actions of Defendants were in furtherance of the interests of the CITY, and not to accomplish their own personal goals.

66.     The arrest and confinement was against SEPULVEDA's will.

67.     As a direct and proximate result of this conduct of Defendants, SEPULVEDA has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a

criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; the costs of bringing suit; and other general damages.

### COUNT III: 42 U.S.C. §1983 VIOLATION OF SEPULVEDA'S CIVIL RIGHTS (FELIPE)

68.     Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

69.     This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

70.     FELIPE's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

71.     FELIPE knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest SEPULVEDA, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was innocently sitting in his car and using his phone while on public property.

72.     FELIPE had a legal duty to ensure that his fellow officers on the scene used only that amount or degree of force against SEPULVEDA as was reasonable and necessary under the circumstances.  Pursuant to the written policies of DPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public.

73.     On DOI, FELIPE used an excessive and unnecessary amount of force against SEPULVEDA, which was objectively unreasonable in light of the facts and circumstances confronting FELIPE and did not involve a rapidly evolving situation other than that created by FELIPE, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) SEPULVEDA posed no

immediate threat to the safety of FELIPE or any other person and (d) SEPULVEDA was not actively resisting arrest or attempting to evade arrest by flight.

74.    FELIPE knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against SEPULVEDA was unlawful.

75.    FELIPE violated SEPULVEDA's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

76.    These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional was clearly established.

77.    FELIPE acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of SEPULVEDA.

78.    As a direct and proximate result of FELIPE's violation of SEPULVEDA's civil rights, SEPULVEDA has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and SEPULVEDA will continue to suffer losses in the future.

79.    SEPULVEDA has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, SEPULVEDA demands judgment against FELIPE for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

## COUNT IV: FALSE ARREST/FALSE IMPRISONMENT AGAINST FELIPE

80.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

81.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

82.   FELIPE's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

83.   FELIPE participated in the following which constituted false imprisonment or arrest of SEPULVEDA: seizing, detaining and/or arresting SEPULVEDA by: stopping his vehicle; ordering him out of his vehicle; pinning him to his vehicle; handcuffing him; beating him; violently placing him in a police vehicle; and/or driving recklessly with him unsecured in the back of a police vehicle.

84.   The criminal offenses with which SEPULVEDA was charged were known to FELIPE to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of FELIPE.

85.   SEPULVEDA was deprived of his liberty.

86.   The imprisonment or arrest and deprivation were against SEPULVEDA's will.

87.   The imprisonment or arrest and deprivation were unreasonable and unlawful.

88.   The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of SEPULVEDA.

89.   Indeed, FELIPE acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of

SEPULVEDA's rights.

90.     As a direct and proximate result of this conduct of FELIPE, SEPULVEDA has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT V: 42 U.S.C. §1983 SEPULVEDA'S CLAIM OF MALICIOUS PROSECUTION AGAINST FELIPE

91.     Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

92.     This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

93.     A criminal judicial proceeding was commenced against SEPULVEDA on the criminal charges levid against him, as indicated.

94.     The proceeding was instigated, at least in part, by FELIPE, in the course and scope of his work as a police officer for DPD.

95.     The proceeding was instituted without probable cause as the facts observed by FELIPE prior to arrest, and the matters known to FELIPE before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by SEPULVEDA.

96.     FELIPE, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of

probable cause and/or the express malice as shown by his reckless disregard for SEPULVEDA's rights and his personal animosity and hostility towards SEPULVEDA.

97.    FELIPE made material misstatements of fact in support of the prosecution of SEPULVEDA.

98.    No prosecution of SEPULVEDA would have occurred but for the actions of FELIPE.

99.    The fact of SEPULVEDA's prosecution became known to many persons unknown to SEPULVEDA as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

100.    The termination of the criminal proceeding against SEPULVEDA was a bona fide termination in favor of SEPULVEDA, and it was not a bargained-for result by SEPULVEDA.

101.    42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

102.    As a direct and proximate result of this conduct of FELIPE, SEPULVEDA has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

**COUNT VI: 42 U.S.C. §1983 VIOLATION OF SEPULVEDA'S CIVIL RIGHTS (TELLEZ)**

103.    Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56)

and incorporates them by reference herein.

104.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

105.   TELLEZ's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

106.   TELLEZ knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest SEPULVEDA, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was observed by TELLEZ.

107.   TELLEZ had a legal duty to use only that amount or degree of force against SEPULVEDA as was reasonable and necessary under the circumstances.  Pursuant to the written policies of DPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public.

108.   On DOI, TELLEZ used an excessive and unnecessary amount of force against SEPULVEDA, which was objectively unreasonable in light of the facts and circumstances confronting TELLEZ and did not involve a rapidly evolving situation other than that created by TELLEZ, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) SEPULVEDA posed no immediate threat to the safety of TELLEZ or any other person and (d) SEPULVEDA was not actively resisting arrest or attempting to evade arrest by flight.

109.   TELLEZ knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against SEPULVEDA was unlawful.

110.   TELLEZ violated SEPULVEDA's constitutional rights to be secure in his

person, free from an unreasonable seizure, and free from the use of excessive force.

111.    These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional was clearly established.

112.    TELLEZ acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of SEPULVEDA.

113.    As a direct and proximate result of TELLEZ's violation of SEPULVEDA's civil rights, SEPULVEDA has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and SEPULVEDA will continue to suffer losses in the future.

114.    SEPULVEDA has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, SEPULVEDA demands judgment against TELLEZ for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

### COUNT VII: FALSE ARREST/FALSE IMPRISONMENT AGAINST TELLEZ

115.    Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

116.    This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

117.    TELLEZ's actions on the DOI occurred within the scope of his employment

with CITY and under color of state law.

118.    TELLEZ participated in the following which constituted false imprisonment or arrest of SEPULVEDA: seizing, detaining and/or arresting SEPULVEDA by: pinning him to his vehicle; handcuffing him; beating him; violently placing him in a police vehicle; and/or driving recklessly with him unsecured in the back of a police vehicle.

119.    The criminal offenses with which SEPULVEDA was charged were known to TELLEZ to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of TELLEZ.

120.    SEPULVEDA was deprived of his liberty.

121.    The imprisonment or arrest and deprivation were against SEPULVEDA's will.

122.    The imprisonment or arrest and deprivation were unreasonable and unlawful.

123.    The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of SEPULVEDA.

124.    Indeed, TELLEZ acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of SEPULVEDA's rights.

125.    As a direct and proximate result of this conduct of TELLEZ, SEPULVEDA has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and

reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

**COUNT VIII: 42 U.S.C. §1983 SEPULVEDA'S CLAIM OF**
**MALICIOUS PROSECUTION AGAINST TELLEZ**

126.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

127.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

128.   A criminal judicial proceeding was commenced against SEPULVEDA on the criminal charges levid against him, as indicated.

129.   The proceeding was instigated, at least in part, by TELLEZ, in the course and scope of his work as a police officer for DPD.

130.   The proceeding was instituted without probable cause as the facts observed by TELLEZ prior to arrest, and the matters known to TELLEZ before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by SEPULVEDA.

131.   TELLEZ, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for SEPULVEDA's rights and his personal animosity and hostility towards SEPULVEDA.

132.   TELLEZ made material misstatements of fact in support of the prosecution of SEPULVEDA.

133.   No prosecution of SEPULVEDA would have occurred but for the actions of TELLEZ.

134.   The fact of SEPULVEDA's prosecution became known to many persons unknown to SEPULVEDA as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

135.   The termination of the criminal proceeding against SEPULVEDA was a bona fide termination in favor of SEPULVEDA, and it was not a bargained-for result by SEPULVEDA.

136.   42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

137.   As a direct and proximate result of this conduct of TELLEZ, SEPULVEDA has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT IX: 42 U.S.C. §1983 VIOLATION OF SEPULVEDA'S CIVIL RIGHTS (ACOSTA)

138.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

139.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

140.   ACOSTA's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

141.   ACOSTA knew or should have known, and every reasonable officer in his

position would have concluded, that there was no reason to stop or arrest SEPULVEDA, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was observed by ACOSTA.

142.   ACOSTA had a legal duty to use only that amount or degree of force against SEPULVEDA as was reasonable and necessary under the circumstances.  Pursuant to the written policies of DPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level of force inappropriate to the circumstances, against members of the public.

143.   On DOI, ACOSTA used an excessive and unnecessary amount of force against SEPULVEDA, which was objectively unreasonable in light of the facts and circumstances confronting ACOSTA and did not involve a rapidly evolving situation other than that created by ACOSTA, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) SEPULVEDA posed no immediate threat to the safety of ACOSTA or any other person and (d) SEPULVEDA was not actively resisting arrest or attempting to evade arrest by flight.

144.   ACOSTA knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against SEPULVEDA was unlawful.

145.   ACOSTA violated SEPULVEDA's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

146.   These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional is clearly established.

147.   ACOSTA acted knowingly, intentionally, and maliciously, and/or with a

reckless or callous indifference to the federally protected rights of SEPULVEDA.

148.    As a direct and proximate result of ACOSTA's violation of SEPULVEDA's civil rights, SEPULVEDA has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and SEPULVEDA will continue to suffer losses in the future.

149.    SEPULVEDA has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, SEPULVEDA demands judgment against ACOSTA for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

### COUNT X: FALSE ARREST/FALSE IMPRISONMENT AGAINST ACOSTA

150.    Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

151.    This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

152.    ACOSTA's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

153.    ACOSTA participated in the following which constituted false imprisonment or arrest of SEPULVEDA: seizing, detaining and/or arresting SEPULVEDA by: handcuffing him; beating him; violently placing him in a police vehicle; and/or driving recklessly with him unsecured in the back of a police vehicle.

154.   The criminal offenses with which SEPULVEDA was charged were known to ACOSTA to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of ACOSTA.

155.   SEPULVEDA was deprived of his liberty.

156.   The imprisonment or arrest and deprivation were against SEPULVEDA's will.

157.   The imprisonment or arrest and deprivation were unreasonable and unlawful.

158.   The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of SEPULVEDA.

159.   Indeed, ACOSTA acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of SEPULVEDA's rights.

160.   As a direct and proximate result of this conduct of ACOSTA, SEPULVEDA has been injured, including but not limited to the following:  physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT XI: 42 U.S.C. §1983 SEPULVEDA'S CLAIM OF MALICIOUS PROSECUTION AGAINST ACOSTA

161.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

162.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

163.   A criminal judicial proceeding was commenced against SEPULVEDA on the criminal charges levid against him, as indicated.

164.   The proceeding was instigated, at least in part, by ACOSTA, in the course and scope of his work as a police officer for DPD.

165.   The proceeding was instituted without probable cause as the facts observed by ACOSTA prior to arrest, and the matters known to ACOSTA before the institution of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by SEPULVEDA.

166.   ACOSTA, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for SEPULVEDA's rights and his personal animosity and hostility towards SEPULVEDA.

167.   ACOSTA made material misstatements of fact in support of the prosecution of SEPULVEDA.

168.   No prosecution of SEPULVEDA would have occurred but for the actions of ACOSTA.

169.   The fact of SEPULVEDA's prosecution became known to many persons unknown to SEPULVEDA as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

170.   The termination of the criminal proceeding against SEPULVEDA was a bona fide termination in favor of SEPULVEDA, and it was not a bargained-for result by SEPULVEDA.

171.   42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

172.   As a direct and proximate result of this conduct of ACOSTA, SEPULVEDA has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT XII: 42 U.S.C. §1983 VIOLATION OF SEPULVEDA'S CIVIL RIGHTS (DIAZ)

173.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

174.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

175.   DIAZ's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

176.   DIAZ knew or should have known, and every reasonable officer in his position would have concluded, that there was no reason to stop or arrest SEPULVEDA, as there was no probable cause or reasonable suspicion to believe he was committing a crime at any time while he was observed by DIAZ.

177.   DIAZ had a legal duty to use only that amount or degree of force against SEPULVEDA as was reasonable and necessary under the circumstances.  Pursuant to the written policies of DPD, national police standards, and federal and state constitutional law, a police officer cannot use "excessive force," often defined as a level

of force inappropriate to the circumstances, against members of the public.

178.   On DOI, DIAZ used an excessive and unnecessary amount of force against SEPULVEDA, which was objectively unreasonable in light of the facts and circumstances confronting DIAZ and did not involve a rapidly evolving situation other than that created by DIAZ, particularly considering that (a) he lacked reasonable suspicion or probable cause, (b) there was no traffic violation, (c) SEPULVEDA posed no immediate threat to the safety of DIAZ or any other person and (d) SEPULVEDA was not actively resisting arrest or attempting to evade arrest by flight.

179.   DIAZ knew or should have known, and every reasonable officer in that position would have concluded, that the force he used against SEPULVEDA was unlawful.

180.   DIAZ violated SEPULVEDA's constitutional rights to be secure in his person, free from an unreasonable seizure, and free from the use of excessive force.

181.   These violations were of a type and character as to which any reasonable person would be aware, and further, the law prohibiting such conduct as unconstitutional is clearly established.

182.   DIAZ acted knowingly, intentionally, and maliciously, and/or with a reckless or callous indifference to the federally protected rights of SEPULVEDA.

183.   As a direct and proximate result of DIAZ's violation of SEPULVEDA's civil rights, SEPULVEDA has suffered damages, including mental anguish, bodily injury, pain and suffering, disability, disfigurement, emotional distress, humiliation, embarrassment, loss of capacity of the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earnings,  loss of ability to earn money, and aggravation of a previously existing condition.  The losses are permanent and/or continuing and SEPULVEDA will continue to suffer losses in the future.

184.   SEPULVEDA has retained the undersigned attorney to prosecute this action on his behalf and has agreed to pay him a reasonable fee and to reimburse the costs of this action.

WHEREFORE, SEPULVEDA demands judgment against DIAZ for compensatory and punitive damages, costs, reasonable attorney's fees pursuant to 42 U.S.C. §1988, and such other and further relief as the Court deems appropriate.

## COUNT XIII: FALSE ARREST/FALSE IMPRISONMENT AGAINST DIAZ

185.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

186.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

187.   DIAZ's actions on the DOI occurred within the scope of his employment with CITY and under color of state law.

188.   DIAZ participated in the following which constituted false imprisonment or arrest of SEPULVEDA: seizing, detaining and/or arresting SEPULVEDA by: pinning him to his vehicle; handcuffing him; beating him; violently placing him in a police vehicle; and/or driving recklessly with him unsecured in the back of a police vehicle.

189.   The criminal offenses with which SEPULVEDA was charged were known to DIAZ to be patently false, without probable cause and/or not supportable under the law, albeit probable cause in a false arrest/imprisonment action is an affirmative defense, the burden of proof of which is the obligation of DIAZ.

190.   SEPULVEDA was deprived of his liberty.

191.   The imprisonment or arrest and deprivation were against SEPULVEDA's will.

192.   The imprisonment or arrest and deprivation were unreasonable and

unlawful.

193.   The imprisonment or arrest and deprivation were not based on lawfully issued process of Court and there was no valid warrant for the arrest of SEPULVEDA.

194.   Indeed, DIAZ acted in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property of SEPULVEDA's rights.

195.   As a direct and proximate result of this conduct of DIAZ, SEPULVEDA has been injured, including but not limited to the following:   physical injury; medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## COUNT XIV: 42 U.S.C. §1983 SEPULVEDA'S CLAIM OF MALICIOUS PROSECUTION AGAINST DIAZ

196.   Plaintiff, SEPULVEDA, re-alleges paragraphs one (1) through fifty-six (56) and incorporates them by reference herein.

197.   This count is in the alternative as permitted under Fed. R. Civ. P. 8, and within the purview of *McGhee v. Volusia County*, 679 So. 2d 729 (Fla. 1996).

198.   A criminal judicial proceeding was commenced against SEPULVEDA on the criminal charges levid against him, as indicated.

199.   The proceeding was instigated, at least in part, by DIAZ, in the course and scope of his work as a police officer for DPD.

200.   The proceeding was instituted without probable cause as the facts observed by DIAZ prior to arrest, and the matters known to DIAZ before the institution

of prosecution, would not have warranted a reasonable man to believe that any criminal offense had been committed by SEPULVEDA.

201.   DIAZ, acting under color of authority during the course and scope of his employment, but motivated by malice and ill will, which is implied by the lack of probable cause and/or the express malice as shown by his reckless disregard for SEPULVEDA's rights and his personal animosity and hostility towards SEPULVEDA.

202.   DIAZ made material misstatements of fact in support of the prosecution of SEPULVEDA.

203.   No prosecution of SEPULVEDA would have occurred but for the actions of DIAZ.

204.   The fact of SEPULVEDA's prosecution became known to many persons unknown to SEPULVEDA as a result of being made part of the public records of Miami-Dade County and appearing on court documents available to public scrutiny as well as being posted on the internet and otherwise being made available to the public at large.

205.   The termination of the criminal proceeding against SEPULVEDA was a bona fide termination in favor of SEPULVEDA, and it was not a bargained-for result by SEPULVEDA.

206.   42 U.S.C. §1983 provides a remedy for a violation of these rights, including compensatory and punitive damages which are hereby demanded.

207.   As a direct and proximate result of this conduct of DIAZ, SEPULVEDA has been damaged, including but not limited to the following:  medical expenses; emotional distress; physical pain and suffering; mental pain and suffering; loss of capacity to enjoy life; loss of future earning capacity; loss of rights; imprisonment; discomfort; public humiliation and embarrassment; damage to his good name and reputation; fear; anxiety; loss of personal liberty; apprehension of going to a criminal trial and receiving

a jail sentence; outrage; lost wages; financial losses; criminal attorney fees; civil attorney fees; the costs of bringing suit; and other general damages.

## **DEMAND FOR JURY TRIAL**

VICTOR SEPULVEDA hereby demands a jury trial on all issues so triable.

DATED this 9th day of September, 2021.

> DANIEL W. COURTNEY, P.A.
> 10800 Biscayne Blvd.
> Suite 700
> Miami, Florida  33161
> Telephone: (305) 579-0008
> Facsimile: (305) 563-7055
>
> By: s/ Daniel W. Courtney
> Daniel W. Courtney
> Florida Bar No: 0499781
> dc@danielcourtneylaw.com