UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23267-KMM

VICTOR SEPULVEDA,

    Plaintiff,

v.

CITY OF DORAL, *et al.*,

    Defendants.
_____/

**ORDER**

THIS CAUSE came before the Court upon Defendants City of Doral, Michael Acosta, Javier Diez, Omar Felipe, and Alberto Tellez's (collectively, "Defendants") Omnibus Motion *in Limine*. ("Defs.' Mot.") (ECF No. 24). Plaintiff filed a timely response ("Pl.'s Resp.") (ECF No. 27), to which Defendants filed an untimely reply ("Defs.' Reply") (ECF No. 31). The Motion is now ripe for review.

**I.    BACKGROUND**

This is a civil rights action brought by Plaintiff Victor Sepulveda against the City of Doral ("the City") and four police officers ("Defendant Officers") employed by the city. *See generally* ("Compl.") (ECF No. 1). Plaintiff commenced this action on September 9, 2021, asserting fourteen claims against the City of Doral and the Defendant Officers pursuant to 42 U.S.C. § 1983 and Florida state law. *See generally id.*

Plaintiff alleges that he was falsely arrested, falsely imprisoned, and maliciously prosecuted by the City and the Defendant Officers following an unlawful traffic stop in September 2017. *See id.* at 1–6. Plaintiff also claims that he was battered by way of excessive force by the

Defendant Officers following the stop, which required Plaintiff's hospitalization. *See id.* Plaintiff also claims that the Defendant Officers later lied about the circumstances of Plaintiff's arrest to ensure his prosecution. *See id.*

In response, Defendants deny Plaintiff's allegations. *See generally* ("Answer") (ECF No. 10). Now, Defendants move to exclude the presentation of certain evidence at trial. *See generally* Defs.' Mot.

## II. LEGAL STANDARD

"In fairness to the parties and their ability to put on their case, a court should exclude evidence *in limine* only when it is clearly inadmissible on all potential grounds." *United States v. Gonzalez*, 718 F. Supp. 2d 1341, 1345 (S.D. Fla. 2010) (citation omitted). "The movant has the burden of demonstrating that the evidence is inadmissible on any relevant ground." *Id.* (citation omitted). "Unless evidence meets this high standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Palmetto 241 LLC v. Scottsdale Ins. Co.*, No. 19-cv-22195, 2020 WL 2736646, at *1 (S.D. Fla. May 26, 2020) (citation and internal quotation marks omitted). "Likewise, '[i]n light of the preliminary or preemptive nature of motions *in limine*, any party may seek reconsideration at trial in light of the evidence actually presented and shall make contemporaneous objections when evidence is elicited.'" *Id.* (citation and internal quotation marks omitted); *see also Haller v. AstraZeneca LP (In re Seroquel Prods. Liab. Litig.)*, Nos. 06-md-1769-Orl-22DAB, 07-cv-15733-Orl-22DAB, 2009 WL 260989, at *1 (M.D. Fla. Feb. 4, 2009) ("The court will entertain objections on individual proffers as they arise at trial, even though the proffer falls within the scope of a denied motion *in limine*.") (citation omitted).

**III.     DISCUSSION**

Defendants seek to preclude Plaintiff from referencing or introducing evidence related to four topics: (1) a video depicting Defendant Officer Michael Acosta punching and/or striking a suspect in custody; (2) Acosta's suspension from duty; (3) non-party Officer Maylee Bardeles's lawsuit against the City of Doral; (4) and unrelated use of force complaints against any of the Defendant Officers.  Defendants also seek to prohibit Plaintiff from employing "Golden Rule" or "Reptile Theory" arguments at trial.

As a threshold matter, the Court notes that many of Defendants' requests are overbroad, cite to no legal authority or only Florida law, or read in essence as a request for Plaintiff to comply with the applicable rules of evidence.  Defendants' first four requests largely cite no legal authority beyond cursory references to the Federal Rules of Evidence.  In the few instances where Defendants offer specific legal support for their requests, Defendants rely almost exclusively on Florida state cases.  *See, e.g.*, Defs.' Mot. at 2, 4, 5.  The Court fails to see the relevance of the state court decisions—and the Court will not do Defendants' research for them.  As noted above, the movant has the burden of demonstrating that the evidence they seek to preclude is inadmissible on any relevant ground.  *See Gonzalez*, 718 F. Supp. 2d at 1345.  As noted above, unless evidence meets the high standard applicable in the motion *in limine* context, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context."  *Palmetto241 LLC*, 2020 WL 2736646, at *1.  To the extent Defendants request that the Court enforce the Federal Rules of Evidence, the Court will do so upon a properly submitted objection at trial regarding specific testimony or evidence.  However, motions *in limine* are not meant to serve as blanket reinforcement of the rules of evidence.  *See id.* at *3.  Accordingly, the Court denies Defendants' first four requests.

Defendants devote the bulk of their Motion to their request that the Court prohibit Plaintiff from making any argument related to the "Reptile Theory" or the "Golden Rule." *See* Defs.' Mot. at 9–20. Essentially, the Reptile Theory is a trial strategy through which plaintiff's counsel attempts to convince the jury to render a verdict against a defendant whom the jury perceives as a danger to the community. *See id.* Defendants contend that this argument is improper under Florida law and would only confuse the issues in this case. *See id.* at 12–16. While the Court generally agrees with the premise of Defendants' argument, Defendants seek, in effect, a general ruling that Plaintiff shall abide by the applicable rules of evidence. The Court need not make any such ruling. *Palmetto241 LLC*, 2020 WL 2736646, at *3.

Relatedly, Defendants argue that the Court should prevent Plaintiff from asking the jury to employ the "Golden Rule" to determine liability in this case by placing themselves in Plaintiff's shoes. Defs.' Mot at 14–16. Although Defendants invoke only Florida law in support of their request, the Court notes that it is well established in this Circuit that parties are not permitted to ask the jury to award damages by placing themselves in the shoes of the victim. *See McNely v. Ocala Star Banner Corp.*, 99 F.3d 1068, 1071 (11th Cir. 1996). Defendants again offer no specific evidence that they seek to exclude—and their request once more amounts to a general request that the Court order Plaintiff to abide by the applicable rules of evidence.

Accordingly, Defendants' motion in *limine* is DENIED. The Court will address any specific objections to evidence at trial.

**IV.    CONCLUSION**

UPON CONSIDERATION of the Motions, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that Defendants' Omnibus Motion *in Limine* (ECF No. 24) is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this *26th* day of August, 2022.

K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record