UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23267-KMM

VICTOR SEPULVEDA,

    Plaintiff,

v.

CITY OF DORAL, *et al.*,

    Defendants.

_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff Victor Sepulveda's Unopposed Motion for Costs (ECF No. 63), pursuant to Local Rule 7.3(c), Federal Rule of Civil Procedure 54(d), and 28 U.S.C. § 1920.  The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendations regarding the Motion.  (ECF No. 69).  The Motion was unopposed, pending disposition of Defendants' Renewed Motion for Judgment as a Matter of Law.  (ECF No. 63 at 1 n.1, 4).  That motion has since been decided, *see* (ECF No. 79), and therefore Plaintiff's Motion for Costs is now ripe for review.  Having considered the Motion for Costs, the supporting materials attached thereto, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion (ECF No. 63) be **GRANTED, in part**, and **DENIED, in part**, as further set forth below.

**I.     BACKGROUND**

This is a civil action under 42 U.S.C. § 1983 in which Plaintiff alleged that law enforcement

1

officers employed by the City of Doral, Florida violated his rights under the Fourth and Fourteenth Amendments to the United States Constitution when they used excessive force against him, falsely arrested him, wrongfully detained him, and caused him to be maliciously prosecuted. *See* (ECF No. 28 at 1–2).

Plaintiff commenced this action in this Court on September 9, 2021. (ECF No. 1). Defendants appeared and answered the Complaint on October 8, 2021. (ECF No. 10). No pretrial motions to dismiss or motions for summary judgment were filed. The case proceeded to a four-day trial before a jury in the Southern District of Florida. (ECF Nos. 47–50). On September 1, 2022, the Jury returned a Verdict finding that three of the individual Defendants (Alberto Tellez, Michael Acosta, and Javier Diaz) had subjected Plaintiff to excessive or unreasonable force during an arrest; that Tellez, Acosta, and Diaz had battered Plaintiff during his arrest in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property; that those Defendants saw other officers use excessive force, had an opportunity to prevent the harm from occurring, but failed to intervene; and that those Defendants had injured Plaintiff during his arrest. (ECF No. 53 at 1–2). Accordingly, the Jury awarded Plaintiff damages in the amount of $600,000.00. (ECF No. 53).

On September 2, 2022, the District Court entered a Final Judgment in favor of Plaintiff and against Defendants Tellez, Acosta, and Diaz as to Counts 6, 9, and 12 of the Complaint, in the amount of $600,000.00, to bear interest at the rate of 3.42%. The District Court also entered judgment in favor of all Defendants (including the City of Doral and Defendant Omar Felipe) and against Plaintiff as to the other remaining counts in the Complaint. (ECF No. 56). The instant Unopposed Motion followed on September 30, 2022.[1]

---

[1] On June 15, 2023, the District Court granted, in part, and denied, in part, Acosta, Diaz, and Tellez's Renewed Motion for Judgment as a Matter of Law. *See* (ECF No. 79). There, the District Court found that Defendants Acosta, Diaz,

2

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) allows prevailing parties to receive litigation costs other than attorney's fees. There is a "strong presumption" in favor of awarding taxable costs to the prevailing party, which the challenging party has the burden to overcome. *Mathews v. Crosby*, 480 F.3d 1265, 1276 (11th Cir. 2007). Pursuant to 28 U.S.C. § 1920, a district court may tax as costs: "(1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."

"[A]bsent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P. v. MPW Indus. Servs., Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001) (citation omitted). "The party seeking costs bears the burden of submitting a request for expenses that enables the court to determine what expenses were incurred and whether those expenses meet the proof of necessity and reasonableness under 28 U.S.C. [§] 1920." *Shave v. Stanford Fin. Grp., Inc.*, No. 07-60749-CIV, 2008 WL 3200705, at *4 (S.D. Fla. Aug. 6, 2008).

## III. DISCUSSION

Plaintiff seeks to recover from Defendants Alberto Tellez, Michael Acosta, and Javier Diaz

---

and Tellez were not entitled to qualified immunity, as Eleventh Circuit law clearly establishes that a police officer does not receive the protections of qualified immunity when using gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commends, as in this case. *See* (*Id.* at 8) (quoting *Grimes v. Rott*, No. 20-10498, 2021 WL 4427748, at *2 (11th Cir. Sept. 27, 2021)). Accordingly, the District Court denied Acosta, Diaz, and Tellez's renewed request for judgment as a matter of law as to Counts 6, 9, and 12 on qualified immunity grounds. However, the District Court granted the renewed request for judgment as a matter of law to the extent the Jury found that those officers had failed to intervene. (*Id.* at 8–9).

costs in the amount of $3,874.01, consisting of: (1) $402.00 in fees of the Clerk; (2) $230.00 in fees for the service of summonses; (3) $3,053.15 in transcription and court reporter fees; (4) $108.86 in fees and disbursements for printing; and (5) $80.00 in fees for witnesses. (ECF No. 63-1). In support of his request, Plaintiff has attached invoices evidencing the costs incurred prosecuting the suit. (ECF Nos. 63-2 through 63-5). Plaintiff does not seek post-judgment interest.

At the time the Motion was filed, Defendants Tellez, Acosta, and Diaz did not oppose the Motion, pending disposition of Defendants' Renewed Motion for Judgment as a Matter of Law; as noted above, that motion has since been decided and the time to file a response in opposition to the instant Motion has passed. Nonetheless, the Court first determines that Plaintiff is entitled to tax costs against Defendants Tellez, Acosta, and Diaz, and reviews each request for whether Plaintiff may properly be awarded the costs sought under § 1920 and Rule 54(d).

### A.   Plaintiff Is a Prevailing Party

As a preliminary matter, the Court finds that Plaintiff is a prevailing party entitled to tax costs against Defendants Tellez, Acosta, and Diaz.

"A prevailing party is one in whose favor judgment is rendered and who has gained some relief." *Pediatric Nephrology Assocs. of S. Fla. v. Variety Children's Hosp.*, No. 16-24138-CIV, 2018 WL 4778456, at *2 (S.D. Fla. July 9, 2018), *report and recommendation adopted*, No. 1:16-CV-24138-UU, 2018 WL 4777166 (S.D. Fla. July 24, 2018) (citing *Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995)); *cf. Emery v. Am. Airlines, Inc.*, 647 F. App'x 968, 973 (11th Cir. 2016) ("A defendant is a prevailing party if the plaintiff achieves none of the benefits it sought in pursuing the lawsuit."). As the Eleventh Circuit has explained:

> To be a prevailing party [a] party need not prevail on all issues to justify a full award of costs, however. Usually the litigant in whose favor judgment is rendered is the prevailing party for purposes of rule 54(d). . . . A party who has obtained some relief usually will be regarded as the prevailing party even though he has not

> sustained all his claims. . . . Cases from this and other circuits consistently support shifting costs if the prevailing party obtains judgment on even a fraction of the claims advanced.

*Lipscher v. LRP Publications, Inc.*, 266 F.3d 1305, 1321 (11th Cir. 2001) (alterations in original) (quoting *Head*, 62. F3d at 354).

In declining to oppose the Motion and the District Court having denied, in part, the Renewed Motion for Judgment as a Matter of Law, Plaintiff is a prevailing party and thus Plaintiff is entitled to recuperate costs associated with prosecuting his claims. And although the District Court entered Final Judgment in favor of all Defendants and against Plaintiff as to some of Plaintiff's claims, Plaintiff prevailed at trial on Counts 6, 9, and 12 of his Complaint against Defendants Tellez, Acosta, and Diaz. The District Court entered judgment on those particular counts and accordingly Plaintiff may tax costs against Defendants Tellez, Acosta, and Diaz.

### B.     Fees of the Clerk

Proceeding to Plaintiff's request for costs, Plaintiff first seeks to tax $402.00 in fees paid to the Clerk of Court; specifically, the $402.00 filing fee paid in connection with initiating this case in this Court. (ECF No. 63-1). The receipt for the filing fee is evidenced on the docket, *see* Docket Text for ECF No. 1, and Plaintiff's counsel has provided a copy of the Notice of Electronic Filing containing the docket text associated with the filing of the Complaint which likewise evidences the cost he seeks to recover. (ECF No. 63-2). Because Plaintiff is entitled to the full amount of the filing fee, *see* 28 U.S.C. § 1920(1); *Mendez v. Integrated Tech Grp., LLC*, No. 18-22059-CIV, 2020 WL 6826355, at *4 (S.D. Fla. Nov. 20, 2020), I recommend that Plaintiff's request for filing fees in the amount of $402.00 be granted.

### C.     Fees for Service of Summonses

Next, Plaintiff seeks to recover $230.00 in fees for the service of summonses on Defendants

5

Tellez, Acosta, and Diaz. (ECF Nos. 63-2, 63-3).

Under 28 U.S.C. §§ 1920 and 1921, private process server fees may be taxed so long as the taxable costs of the process server are limited to the statutory fees that § 1921(b) authorizes. *See EEOC v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000). Section 1921(b) states that the Attorney General shall prescribe the fees to be taxed and collected under subsection 1921(a). "Such fees shall, to the extent practicable, reflect the actual and reasonable cost of the service provided." 28 U.S.C. § 1921(b). Private process fees may be taxed but must not exceed the $65.00 per hour rate charged by the U.S. Marshal, pursuant to 28 C.F.R. § 0.114. *See Brannon v. Finkelstein*, No. 10-61813-CIV, 2017 WL 1395171, at *13 (S.D. Fla. Feb. 1, 2017), *report and recommendation approved*, No. 10-61813-CV, 2017 WL 1452944 (S.D. Fla. Feb. 17, 2017).

Here, two of the invoices submitted confirm that Plaintiff seeks to recover costs in an amount less than the per hour rate charged by the U.S. Marshal. *See* (ECF No. 63-3 at 2) (invoice of $50.00 for the service of summons on Defendant Tellez); (ECF No. 63-3 at 3) (invoice of $50.00 for the service of summons on Defendant Acosta). Plaintiff may properly recover the costs for service of these two summonses.

However, the invoice for the service of summons on Defendant Diaz reflects $130.00 in costs, consisting of $50.00 for the service of the summons and $80.00 for waiting time. The $80.00 charge for waiting time is not explained in Plaintiff's Motion, and therefore I recommend that Plaintiff be permitted to recover only the $50.00 fee for the service of the summons on Defendant Diaz.

Accordingly, I recommend that Plaintiff be permitted to recover $150.00 in fees for the service of summonses.

**D.     Fees for Printed or Electronically Recorded Transcripts**

Plaintiff also seeks to recover $3,053.15 in fees for printed or electronically recorded transcripts obtained in connection with nine depositions. (ECF No. 63-1, 63-4).

The cost of deposition transcripts is taxable under 28 U.S.C. § 1920(2) so long as the transcripts were "necessarily obtained for use in the case." *See EEOC*, 213 F.3d at 620–21. In determining the necessity of a deposition, it must only appear to have been reasonably necessary at the time it was taken. *Id.* Additionally, "[b]ecause the parties presumably have equal knowledge of the basis for each deposition," the party who challenges the proposed costs "bears the burden of showing that specific deposition costs or a court reporter's fee was not necessary for use in the case or that the deposition was not related to an issue present in the case at the time of the deposition." *George v. Fla. Dep't of Corr.*, No. 07-80019-CIV, 2008 WL 2571348, at *5 (S.D. Fla. May 23, 2008).

Not all deposition costs, however, are recoverable. Miscellaneous costs associated with deposition transcripts, such as shipping and handling, expedited delivery of transcripts, exhibit costs, or condensed transcripts, are not taxable because generally, they are incurred for convenience of counsel, as opposed to being necessarily obtained for use in the case. *See Watson v. Lake Cnty.*, 492 F. App'x 991, 997 (11th Cir. 2012) ("[Section] 1920 does not authorize recovery of costs for shipment of depositions[.]"); *Garden-Aire Vill. S. Condo. Ass'n v. QBE Ins.*, No. 10-61985-CIV, 2013 WL 12086655, at *2 (S.D. Fla. June 13, 2013).

As Defendants Tellez, Acosta, and Diaz do not oppose Plaintiff's Motion, they do not dispute the necessity of any of these transcripts for use in this case. The undersigned has reviewed the invoices associated with each deposition to determine whether Plaintiff may properly recover the amount requested. To that end, I note that, while the invoices attached to Plaintiff's Motion

7

evidence $3,352.00 in total costs, Plaintiff seeks to recover only $3,053.15. Plaintiff's request for $3,053.15 appears to reflect all costs in those invoices, except for the $298.85 cost to expedite Plaintiff's deposition transcript. *See* (ECF No. 63-4 at 6).

Upon review of the invoices, the Court finds that Plaintiff may recover the full costs requested for the depositions of Omar Felipe, Michael Acosta, Javier Diaz, Alberto Tellez, Samika Gibson, Glenn Stolzenberg, Maylee Bardelas, and Hans Gonzalez. But Plaintiff may not recover the cost of exhibits, the condensed transcript, and "Process & Compliance" associated with Plaintiff's deposition because Plaintiff has not shown that those costs were necessary. *See Ramos v. Fla. Drawbridges Inc.*, No. 21-CV-80844, 2022 WL 3370787, at *3 (S.D. Fla. Aug. 16, 2022) (quoting *Nelson v. N. Broward Med. Ctr.*, No. 12-61867-CIV, 2014 WL 2195157, at *3 (S.D. Fla. May 27, 2014)) ("[C]osts incurred as a result of digital or condensed copies of transcripts, word indexes, or copies of exhibits are generally not recoverable unless the moving party demonstrates that these items were necessary and not merely ordered for the convenience of counsel.").

Accordingly, the undersigned recommends that Plaintiff be awarded $2,994.15 in costs for printed or electronically recorded transcripts, such sum representing Plaintiff's request for $3,053.15 reduced by $59.00 associated with Plaintiff's deposition ($5.40 and $3.60 for exhibits, $20.00 for a condensed transcript, and $30.00 for "Process & Compliance").

### E.   Fees and Disbursement and Printing

Plaintiff further seeks to recover $108.86 in fees and disbursements for printing. Plaintiff has attached an invoice documenting the amount for this request. (ECF No. 63-5).

Under 28 U.S.C. § 1920(3), Plaintiff may recover the cost of "fees and disbursements for printing and witnesses." The party seeking costs "has the burden of demonstrating how its printing costs were necessarily incurred in the case." *Ramirez v. Rosalia's Inc.*, No. 20-CV-23270, 2023

WL 3619292, at *8 (S.D. Fla. May 23, 2023) (collecting cases).  While Plaintiff has attached an invoice from FedEx Office Print & Ship identifying the amount he seeks to recover, the invoice does not provide any description of the service rendered, stating only that Plaintiff incurred costs for "Custom Product."  (ECF No. 63-5).  Nor has Plaintiff explained in his Motion why these costs were necessarily incurred in the case.

Accordingly, the Court should exclude these costs from Plaintiff's award.  *See Henry v. Celebrity Cruises, Inc.*, No. 21-20148-CIV, 2022 WL 17994276, at *4 (S.D. Fla. Nov. 21, 2022), *report and recommendation adopted*, No. 21-20148-CV, 2022 WL 17986794 (S.D. Fla. Dec. 28, 2022) ("The Office Depot invoice provides no description of services rendered, and Plaintiff offers nothing else to assist the Court.  The Court therefore cannot determine what costs were incurred from Office Depot and whether Plaintiff is entitled to them.  The Court should exclude the Office Depot costs.").

    **F.**    **Fees for Witnesses**

Last, Plaintiff seeks to recover $80.00 in fees for witnesses.  The cost of witness fees is taxable under 28 U.S.C. § 1920(3).  The amount that can be taxed for witness fees is limited by 28 U.S.C. § 1821, which "permits a witness payment of $40 per day for attendance in court or at a deposition, a common carrier travel expense or a mileage allowance, a per diem subsistence allowance if an overnight stay at the place of attendance is required, and other miscellaneous expenses, such as tolls, parking fees, and taxicab fares."  *Transatlantic Lines, LLC v. Portus Stevedoring LLC*, No. 14-60528-CIV, 2016 WL 11547976, at *4 (S.D. Fla. Jan. 13, 2016), *report and recommendation adopted*, No. 14-60528-CIV, 2016 WL 11547727 (S.D. Fla. Feb. 11, 2016).  "Expert witnesses are treated the same as non-expert witnesses for purposes of taxing costs."  *Higgs v. Costa Crociere S.P.A. Co.*, No. 15-60280-CIV, 2016 WL 4370020, at *3 (S.D. Fla. Apr.

28, 2016), *report and recommendation adopted*, No. 15-60280-CIV, 2016 WL 4370037 (S.D. Fla. May 16, 2016).

Here, Plaintiff seeks $80.00 in costs for witnesses David Ward and Manuel de la Portilla. (ECF No. 63-1 at 2). While Plaintiff has not provided invoices documenting the costs associated with these witnesses, Plaintiff identified Ward as an expert witness and de la Portilla as a hybrid witness in his Witness List for Trial, (ECF No. 28-3 at 2), and the record reflects that both were called as witnesses during the second day of the trial, (ECF No. 48). Accordingly, there being no opposition from Defendants Tellez, Acosta, and Diaz, I recommend that Plaintiff be permitted to recover $80.00 in fees for witnesses.

## IV. RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Victor Sepulveda's Unopposed Motion for Costs (ECF No. 63), be **GRANTED, in part**, and **DENIED, in part**, and that Plaintiff be awarded a total of **$3,626.15** in taxable costs, entered against Defendants Alberto Tellez, Michael Acosta, and Javier Diaz, consisting of $402.00 in fees of the Clerk, $150.00 in fees for service of summonses, $2,994.15 in transcription and court reporter fees, and $80.00 in fees for witnesses.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal

conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 16th day of June, 2023.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc: Honorable K. Michael Moore
Counsel of Record