**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23267-KMM

VICTOR SEPULVEDA,

    Plaintiff,

v.

CITY OF DORAL, *et al.*,

    Defendants.

_____ /

**REPORT AND RECOMMENDATIONS**

**THIS CAUSE** is before the Court upon Plaintiff Victor Sepulveda's Motion for Prejudgment Interest. (ECF No. 62). Defendants Alberto Tellez, Michael Acosta, and Javier Diaz filed a response in opposition (ECF No. 64), to which Plaintiff filed a reply (ECF No. 67). The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion. (ECF No. 81). Having considered the Motion, Response, Reply, the record as a whole, and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Motion be **DENIED**.

**I.     BACKGROUND**

This is a civil action under 42 U.S.C. § 1983 in which Plaintiff alleged that, in connection with an incident on September 13, 2017, law enforcement officers employed by the City of Doral, Florida violated his rights under the Fourth and Fourteenth Amendments to the United States

Constitution when they used excessive force against him, falsely arrested him, wrongfully detained him, and caused him to be maliciously prosecuted. *See* (ECF No. 28 at 1–2).

Plaintiff commenced this action in this Court on September 9, 2021. No pretrial motions to dismiss or motions for summary judgment were filed. The case proceeded to a four-day trial before a jury in the Southern District of Florida, which commenced on August 29, 2022. (ECF Nos. 47–50).

On September 1, 2022, the Jury returned a Verdict finding that three of the individual Defendants (Alberto Tellez, Michael Acosta, and Javier Diaz) had subjected Plaintiff to excessive or unreasonable force during an arrest; that Tellez, Acosta, and Diaz had battered Plaintiff during his arrest in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety or property; that those Defendants saw other officers use excessive force, had an opportunity to prevent the harm from occurring, but failed to intervene; and that those Defendants had injured Plaintiff during his arrest. (ECF No. 53 at 1–2). Accordingly, the Jury awarded Plaintiff damages in the amount of $600,000.00, consisting of $25,000.00 for past medical and psychological expenses and treatment; $50,000.00 for future medical and psychological expenses and treatment; $250,000.00 for past pain and suffering; and $275,000.00 for future pain and suffering. (ECF No. 53).

On September 2, 2022, the District Court entered a Final Judgment in favor of Plaintiff and against Defendants Tellez, Acosta, and Diaz as to Counts 6, 9, and 12 of the Complaint, in the amount of $600,000.00, to bear interest at the rate of 3.42%. The District Court also entered judgment in favor of all Defendants (including the City of Doral and Defendant Omar Felipe) and against Plaintiff as to the other remaining counts in the Complaint. (ECF No. 56).

The instant Motion followed on September 30, 2022.[1]

## II. DISCUSSION

The Jury in this case awarded Plaintiff $25,000.00 for past medical and psychological expenses and treatment, and $250,000.00 for past pain and suffering. In his Motion, Plaintiff seeks an award of prejudgment interest on his past damages at the rate of 4.22% from the date of injury, September 14, 2017, through the date of final judgment, September 2, 2022.[2]

In their Response, Defendants Acosta, Diaz, and Tellez argue that it would be inequitable to award Plaintiff prejudgment interest given Plaintiff's reduced recovery, delay in bringing this action, failure to mitigate damages, and given the existence of a genuine dispute regarding Defendants' liability. Defendants argue that an award of prejudgment interest is discretionary and would not be appropriate where, as here, Plaintiff's damages were too speculative and not ascertainable until the verdict and, where with respect to Plaintiff's past medical expenses, there was no evidence that Plaintiff paid the medical bills at issue.

In his Reply, Plaintiff reiterates that the Court should award prejudgment interest. He argues that the cases Defendants cite are inapposite, and that prejudgment interest would afford him full compensation. Plaintiff represents that he does not object if the Court determines that prejudgment interest should be awarded for past medical expenses but not for past pain and suffering. However, Plaintiff asserts that his award of $250,000.00 for past pain and suffering is

---

[1] On June 15, 2023, the District Court granted, in part, and denied, in part, Acosta, Diaz, and Tellez's Renewed Motion for Judgment as a Matter of Law. *See* (ECF No. 79). There, the District Court found that Defendants Acosta, Diaz, and Tellez were not entitled to qualified immunity, as Eleventh Circuit law clearly establishes that a police officer does not receive the protections of qualified immunity when using gratuitous and excessive force against a suspect who is under control, not resisting, and obeying commends, as in this case. *See* (*Id.* at 8) (quoting *Grimes v. Rott*, No. 20-10498, 2021 WL 4427748, at *2 (11th Cir. Sept. 27, 2021)). Accordingly, the District Court denied Acosta, Diaz, and Tellez's renewed request for judgment as a matter of law as to Counts 6, 9, and 12 on qualified immunity grounds. However, the District Court granted the renewed request for judgment as a matter of law to the extent the Jury found that those officers had failed to intervene. (*Id.* at 8–9).

[2] Plaintiff calculates his past damages as $300,000.00. The Jury awarded Plaintiff $275,000.00 for past medical expenses and past pain and suffering, not $300,000.00.

a relatively small amount, and that matters outside the record that he does not identify were among the numerous reasons that delayed the filing of this case.

"In federal question cases, prejudgment interest is committed to the discretion of the district court." *ATM Exp., Inc. v. Montgomery, Ala.*, 516 F. Supp. 2d 1242, 1252 (M.D. Ala. 2007). Where a federal statute, such as Section 1983, is silent on the award of prejudgment interest, traditional principles of equity govern the award of such compensation. *Id.* (citing *Bricklayers' Pension Trust Fund v. Taiariol*, 671 F.2d 988 (6th Cir. 1982)); *see also Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1446 (11th Cir. 1998), *overruled on other grounds by Corporacion AIC, SA v. Hidroelectrica Santa Rita S.A.*, 66 F.4th 876 (11th Cir. 2023) ("[A]wards of prejudgment interest are equitable remedies, to be awarded or not awarded in the district court's sound discretion.").

"Under federal law, prejudgment interest is 'an element of complete compensation' and should not be punitive." *Chmielewski v. City of St. Pete Beach*, No. 8:13-CV-3170-T-27MAP, 2016 WL 7395325, at *1 (M.D. Fla. June 14, 2016), *aff'd*, 890 F.3d 942 (11th Cir. 2018) (quoting *Loeffler v. Frank*, 486 U.S. 549, 558 (1988)) (citing *Indus. Risk Insurers*, 141 F.3d at 1446; *Osterneck v. E.T. Barwick Indus., Inc.*, 825 F.2d 1521, 1536 (11th Cir. 1987), *aff'd sub nom. Osterneck v. Ernst & Whinney*, 489 U.S. 169 (1989)). "This is consistent with the principle that the basic purpose of § 1983 damages is 'to compensate persons for injuries that are caused by the deprivation of constitutional rights.'" *Id.* (quoting *Carey v. Piphus*, 435 U.S. 247, 254 (1978); *Gilmere v. City of Atlanta*, 864 F.2d 734, 739 (11th Cir. 1989)).

The Court finds that prejudgment interest is not appropriate for the Jury's award of past damages and recommends that the District Court deny the Motion, because Defendants' liability and the extent of Plaintiff's damages were not ascertainable until the trial. Plaintiff's one-and-a-

half-page Motion fails to meaningfully address whether prejudgment interest on the Jury's award of past damages is appropriate. To that end, Plaintiff fails to identify evidence in the record establishing that his past damages were liquidated and ascertainable prior to the Jury's Verdict. Defendants represent that Plaintiff during closing arguments suggested that the Jury apply a daily dollar value for past pain and suffering; Plaintiff does not dispute this assertion, which suggests that his past pain and suffering was estimated.

District courts in the Eleventh Circuit have declined to award prejudgment interest in Section 1983 cases when the damages were estimated and speculative. *See ATM Exp.*, 516 F. Supp. 2d at 1253 (declining to award prejudgment interest for lost profit damages because those damages were estimated and speculative until ascertained after a two-day bench trial); *Chmielewski*, 2016 WL 7395325, at *2 (denying request for prejudgment interest in Section 1983 case where damages, "which included emotional and property related damages, were estimated and speculative," and the jury awarded significant damages to compensate for emotional distress and humiliation); *Augusta Video, Inc. v. Augusta-Richmond Cnty.*, No. CV 102-094, 2010 WL 317476, at *2 (S.D. Ga. Jan. 26, 2010) (denying request for prejudgment interest in a Section 1983 action where litigation lasted seven-and-a-half years, involved four appeals, the defendant's liability was curtailed to a shortened loss period, and that liability was far from certain); *cf. Galbreath v. Hale Cnty., Ala. Comm'n*, No. CV 15-308-CG-N, 2017 WL 11444386, at *1–2 (S.D. Ala. Aug. 14, 2017), *aff'd*, 754 F. App'x 820 (11th Cir. 2018) (awarding prejudgment interest in Section 1983 and breach of contract case involving back pay and benefits upon finding that damages were not unascertainable, because the defendants stipulated that the plaintiff, if successful, would be entitled to back pay and compensatory damages and where the defendants knew how much they paid the plaintiff and what her benefits cost).

Indeed, in representing in his Reply that he would not object to a finding that prejudgment interest should not be awarded for past pain and suffering but that a prejudgment interest on past medical expenses should still be awarded, Plaintiff appears to concede that prejudgment interest is not appropriate for the Jury's award of $250,000.00 in past pain and suffering. But as to the Jury's award of past medical expenses, it is not clear from Plaintiff's Motion and Reply why prejudgment interest on that award of $25,000.00 is warranted. The record before this Court at this posture reflects that Plaintiff testified to paying $3,600.00 to repair his credit in connection with past medical bills related to the incident that gave rise to his claims.[3]

Moreover, Defendants' liability to Plaintiff was far from certain. Defendants raised the issue of qualified immunity, which was not resolved until *after* the trial through motion practice. *See* (ECF No. 79).

Accordingly, the Court finds that the equities do not weigh in favor of prejudgment interest on Plaintiff's award of $275,000.00 in past damages.

## III.  RECOMMENDATIONS

For the foregoing reasons, the undersigned respectfully **RECOMMENDS** that Plaintiff Victor Sepulveda's Motion for Prejudgment Interest (ECF No. 62) be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations. Failure to timely file objections will bar a *de novo* determination by the

---

[3] On Day 2 of the trial on August 30, 2022, Plaintiff was shown Plaintiff's Exhibit 4 during his direct examination, which was a copy of the medical bill he received in connection with his medical treatment (it appears that bill was also published to the Jury). (ECF No. 58 at 56–57). However, it does not appear that that exhibit was moved into evidence or that the exhibit was later filed as part of the trial record, and thus the record before this Court at this posture contains only Plaintiff's testimony that he paid $3,600.00 to repair his credit in connection with paying that medical bill (Plaintiff's testimony suggests the bill was not paid). (ECF No. 58 at 57–58).

District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 12th day of July, 2023.

　　　　　　　　　　　　　　　　　　　　　　　　／s／ Lauren F. Louis
　　　　　　　　　　　　　　　　　　　　　　　　LAUREN F. LOUIS
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE

cc:　　Honorable K. Michael Moore
　　　　Counsel of Record