UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23267-KMM

VICTOR SEPULVEDA,

    Plaintiff,

v.

CITY OF DORAL, *et al.*,

    Defendants.
_____/

## ORDER ON REPORT AND RECOMMENDATION

THIS CAUSE came before the Court upon Plaintiff Victor Sepulveda's ("Plaintiff") Motion for Prejudgment Interest. (ECF No. 62). The matter was referred to the Honorable Lauren F. Louis, United States Magistrate Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law and/or to issue a Report and Recommendation. (ECF No. 81). Magistrate Judge Louis issued a Report and Recommendation, ("R&R") (ECF No. 82), recommending that the Motion be DENIED. No objections to the R&R were filed, and the time to do so has now passed. The matter is now ripe for review. As set forth below, the Court ADOPTS the R&R.

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Crim. P. 59(b)(3). A *de novo* review is therefore required if a party files "a proper, specific objection" to a factual finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006).

Yet when a party has failed to object to the magistrate judge's findings, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-CV-21230, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review) (internal quotation marks omitted).

In her R&R, Magistrate Judge Louis recommends Plaintiff's Motion for Prejudgment Interest be DENIED. *See generally* R&R. Namely, Magistrate Judge Louis finds that "prejudment interest is not appropriate for the Jury's award of past damages" because "Defendants' liability and the extent of Plaintiff's damages were not ascertainable until the trial." *Id*. at 4. Magistrate Judge Louis adds that Plaintiff's Motion "fails to meaningfully address whether prejudgment interest on the Jury's award of past damages is appropriate. *Id*. at 4–5.

Under federal law, prejudgment interest is "an element of complete compensation" and should not be punitive. *Loeffler v. Frank*, 486 U.S. 549 (1988) (citing *W. Va. v. United States*, 479 U.S. 305, 310, (1987)). This is consistent with the principle that the basic purpose of § 1983 damages is "to compensate persons for injuries that are caused by the deprivation of constitutional rights." *Carey v. Piphus*, 435 U.S. 247, 254 (1978); *Gilmere v. City of Atlanta*, 864 F.2d 734, 739 (11th Cir. 1989).

Considering the uncertain measurement and speculative nature of Plaintiff's damages, the Court agrees with the R&R's finding that prejudgment interest is not appropriate in this matter. See e.g., *Chmielewski v. City of St. Pete Beach*, No. 8:13-CV-3170-T-27MAP, 2016 WL 7395325, at *2 (M.D. Fla. June 14, 2016), *aff'd*, 890 F.3d 942 (11th Cir. 2018) ("Considering the uncertain measurement and speculative nature of Plaintiffs' Count I damages and the fact that Mr. and Mrs.

2

Chmielewski did not fully lose the use and benefit of their property, the jury's award of damages fairly compensates Plaintiffs for their injuries and loss of property value. Accordingly, prejudgment interest will not be awarded on Count I.").

Accordingly, UPON CONSIDERATION of the Motion, the R&R, the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 82) is ADOPTED. Plaintiff's Motion for Prejudgment Interest (ECF No. 62) is DENEID.

DONE AND ORDERED in Chambers at Miami, Florida, this  24th   day of August 2023.



K. MICHAEL MOORE
UNITED STATES DISTRICT JUDGE

c:  All counsel of record