**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 1:21-cv-23267-KMM

VICTOR SEPULVEDA,

     Plaintiff,

v.

CITY OF DORAL, *et al.*,

     Defendants.

_____ /

## REPORT AND RECOMMENDATIONS ON PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES

     **THIS CAUSE** is before the Court upon Plaintiff Victor Sepulveda's Amended Motion to Tax Attorneys' Fees and Costs (ECF No. 89), under 42 U.S.C. § 1988, Federal Rule of Civil Procedure 54(d), and Southern District of Florida Local Rule 7.3.  Defendants Alberto Tellez, Michael Acosta, and Javier Diaz filed a response in opposition (ECF No. 90), to which Plaintiff filed a reply (ECF No. 92).  The Motion was referred to the undersigned by the Honorable K. Michael Moore, United States District Judge, pursuant to 28 U.S.C. § 636 and the Magistrate Judge Rules of the Local Rules of the Southern District of Florida, to take all necessary and proper action as required by law with respect to the Motion.  (ECF No. 91).  I convened an evidentiary hearing regarding the Motion on May 2, 2024.  Having considered the Motion, Response, Reply, the supporting materials attached thereto, the evidence heard at the hearing on May 2, 2024, the record as a whole, and being otherwise fully advised, the Court recommends that Plaintiff's Motion be **GRANTED,** as further set forth below.

1

I.      **BACKGROUND**

A.      **Factual Background**[1]

Plaintiff alleges that Defendants subjected him to excessive force, wrongful detention, a "rough ride," and malicious prosecution.  (ECF No. 1).  The factual bases for Plaintiff's claims are set out below.

On September 13, 2017, Plaintiff was sitting in his vehicle on public property using his phone when he was approached by Defendant Omar Felipe, ordered out of his vehicle, and illegally searched.  Despite complying and identifying the presence of his concealed firearm, Plaintiff asserted that Defendant Alberto Tellez violently pinned Plaintiff against his vehicle and then transported him to a police station.  When Plaintiff refused to participate in a DUI investigation, he was arrested.  Plaintiff alleged that each of the Defendants took turns battering him while he was handcuffed.  Plaintiff asserted that each Defendant failed to intervene to stop the beating.

According to the Complaint, Plaintiff was then placed in the back of Defendant Javier Diaz's car for approximately 1 hour without air conditioning and on a wet seat before being transported to jail.  During transit to the jail, Defendants Diaz and Michael Acosta took Plaintiff for a "rough ride," which involved generally reckless driving and included driving approximately 100 miles per hour over train tracks so that the car would jump off the road.  Because Plaintiff was handcuffed and not secured in a seat belt, Plaintiff became injured by Defendants' driving, which caused him to slam his head into the ceiling and into the divider separating the front and back of the vehicle.  Due to his injuries, the jail would not accept Plaintiff and Plaintiff was taken to the hospital for emergency treatment.  Plaintiff claimed that Defendants then lied about the course of

---

[1] The Court repeats the factual background it set out in its Order on Plaintiff's Motion for Attorney's Fees (ECF No. 86) due to the fact-specific nature of the inquiry under *Johnston v. Broder*, 36 F.4th 1254 (11th Cir. 2022), as set out *infra*.

events to set up a false prosecution of Plaintiff in state court; the charges were later dismissed.

**B.    Procedural Background**

Plaintiff brought suit under 42 U.S.C. § 1983 alleging that law enforcement officers employed by the City of Doral, Florida violated his rights under the Fourth and Fourteenth Amendments to the United States.

Plaintiff asserted fourteen claims for relief in his Complaint: battery and false arrest, against the City (Counts 1 and 2); Section 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment, against Felipe (Counts 3, 4, and 5); Section 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment, against Tellez (Counts 6, 7, and 8); Section 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment, against Acosta (Counts 9, 10, and 11); and Section 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment, against Diaz (Counts 12, 13, and 14).

Defendants appeared and answered the Complaint, (ECF No. 10), and no pretrial motions to dismiss or motions for summary judgment were filed.  The case proceeded to a four-day jury trial (ECF Nos. 47–50). At the close of Plaintiff's case-in-chief, the District Court dismissed ten of Plaintiff's fourteen claims. Then, at the close of the evidence, the Defendants moved for judgment as a matter of law on the four remining claims, which was denied without prejudice.

On September 1, 2022, the Jury rendered its Verdict, finding that three of the individual Defendants—Officers Tellez, Acosta, and Diaz—had subjected Plaintiff to excessive or unreasonable force during an arrest; had battered Plaintiff during his arrest in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety

3

or property; had seen other officers use excessive force, had an opportunity to prevent the harm from occurring, but failed to intervene; and had injured Plaintiff during his arrest. (ECF No. 53 at 1–2). Accordingly, the Jury awarded Plaintiff damages in the amount of $600,000.00.[2] (ECF No. 53).

In accordance with the Verdict, the District Court entered a Final Judgment in favor of Plaintiff and against Defendants Tellez, Acosta, and Diaz as to Counts 6, 9, and 12 (each count, a Section 1983 claim for excessive force), in the amount of $600,000.00, to bear interest at the rate of 3.42%. (ECF No. 56).

Soon thereafter, Defendants Acosta, Diaz, and Tellez moved for renewed judgment as a matter of law as to Counts 6, 9, and 12, under Federal Rule of Civil Procedure 50(b), raising qualified immunity. (ECF No. 59). The District Court denied the motion in part, finding that Defendants were not entitled to qualified immunity, but granted the motion to the extent the Jury found that those officers had had the ability to, but failed to intervene in the use of excessive force by other officers. (ECF No. 79). The District Court's Order noted that, at the close of evidence during the trial, the District Court dismissed ten of Plaintiff's fourteen claims, and that the Jury found in favor of the City of Doral as to Count 1. Accordingly, Plaintiff has prevailed on three of his fourteen claims—those arising from excessive force.

## II.    DISCUSSION

Plaintiff brings an amended Motion for Attorney's Fees following the Court's prior denial without prejudice of his first motion. (ECF No. 86). This Court denied the previous Motion on the grounds that Plaintiff's evidence, Motion, and Reply did not address whether Plaintiff's

---

[2]  The award of damages consisted of $25,000.00 for past medical and psychological expenses and treatment, $50,000.00 for future medical and psychological expenses and treatment, $250,000.00 for past pain and suffering, and $275,000.00 for future pain and suffering.

unsuccessful claims are inextricably intertwined with his successful ones, such that they would be compensable under *Johnston v. Broder*, 36 F.4th 1254 (11th Cir. 2022). However, in its prior Order, the Court already decided that Plaintiff is the prevailing party for consideration of its fees, and that an hourly rate of $475.00 is reasonable in this case. (ECF No. 86).

Plaintiff amended his Motion and supporting materials, which he supported with an affidavit; Plaintiff's counsel also testified at the May 2, 2024, hearing. Having already decided the Plaintiff's entitlement to attorney's fees and reasonable rate, the Court will address whether Plaintiff's unsuccessful claims are inextricably intertwined with his successful claims, and whether the number of hours worked are reasonable. The Court will then consider Plaintiff's request for costs.

### A.    Whether Plaintiff's Claims Were Inextricably Intertwined

"Under [42 U.S.C. § 1988], an attorney's fee may be awarded for time spent in pursuing a non-fee shifting claim, if the time spent is related to a fee-shifting claim based on a 'common core of fact or . . . related legal theories.'" *Johnston*, 36 F.4th at 1282 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983)). The goal of the inquiry "is to focus on the overall picture of the case—whether the facts are 'inextricably intertwined.'" *Id.* at 1285 (quoting *Goodwin v. Metts*, 973 F.2d 378 (4th Cir. 1992)). "Whether two claims are related turns on the evidence needed to prove them." *Id.* at 1283. A court assessing whether claims are related for purposes of attorney's fee awards under Section 1988 should, at all times, "focus on the evidence that will be introduced to prove the claims at trial." *Id.* at 1284. The Eleventh Circuit instructs courts to consider a variety of factors, including (1) "the elements of the claims," (2) "the evidence that would be relevant at trial," and (3) "whether separate trials would be proper." *Id.* "[W]here evidence gathered in preparing an unsuccessful issue may also have been relevant to the successful claim, compensation

should be provided for the time spent gathering that evidence[.]" *Marion v. Barrier*, 694 F.2d 229, 232 (11th Cir. 1982).

As discussed in the prior order, the elements in each of Plaintiff's claims overlap in the abstract. (ECF No. 86). However, during oral argument on this Motion, Plaintiff confirmed that the elements and the evidence supporting them bled into one another as to render the successful excessive force claims intertwined with the remaining claims.

Plaintiff's counsel testified that the claims all relied upon the same set of facts. Each of the four officers called as witnesses testified as to the overall story. The four fact witnesses and Plaintiff's two expert witnesses—one expert for liability and one expert for damages—were not distinguishable on discrete claims and each contributed to telling the story of the excessive force claim.

During oral argument, Plaintiff's counsel distinguished the instant case from *Johnston*. In *Johnston*, Plaintiff brought two "conceptually different causes of action against separate defendants;" one claim arising under the Due Process Clause of the Fourteenth Amendment against a sheriff, and the other against a sheriff's office co-employee for defamation under state law. *Johnston*, 36 F.4th at 1259. After the plaintiff prevailed on both claims, the issue on appeal was whether the fee-shifting provision governing the Due Process claim also entitled the plaintiff to fees for litigating her state law claims. The court noted that the elements for each of the plaintiff's claims had no "evidentiary overlap" because evidence going to the defamation claim would have been irrelevant to the plaintiff's Due Process claims. *Id.* at 1284–85.

Here, Plaintiff's counsel posits that each of the acts supporting Plaintiff's 14 claims all occurred over one night and exist within the same narrative as Plaintiff's successful excessive force claims. Additionally, Plaintiff argued that even the dismissed Defendant, Officer Felipe, was

essential to telling the overall story of the excessive force claims because he was the first officer to interact with Plaintiff on the night of the incident. Plaintiff also argued that his expert witnesses supported the overall case, as opposed to discrete issues.

Defendants respond that Plaintiff should not recover fees for trial time that may have been spent on litigating unsuccessful claims. In particular, Defendants argue that evidence related to Plaintiff's arrest was not necessary for the excessive force claim.  However, despite having the opportunity to cross-examine Plaintiff's counsel, Defendants at oral argument still failed to dispute Plaintiff's proffer that evidence of the arrest was necessary to complete the story on Plaintiff's excessive force claims.  Indeed, the Eleventh Circuit has approved of a district court declining "to dissect the interlocking evidence and consider it in isolation as supporting only one claim or the other." *Williams v. Roberts*, 904 F.2d 634, 640 (11th Cir. 1990).  Further, Plaintiff's presentation was, in part, rebuttal to the testimony of the officers that they saw Plaintiff reach for his concealed firearm. An allegation that, Plaintiff posits, the jury afforded no weight upon a finding that the officers lacked credibility.

Ultimately the Court agrees that there is significant overlap in the evidence supporting Plaintiff's claims such that their presentations were inextricably intertwined with one another.

**B.      Reasonable Number of Hours Worked**

The Court must next determine whether the number of hours expended on Plaintiff's behalf were reasonable.  A fee applicant must set out the general subject matter of the time expended by the attorney "with sufficient particularity so that the court can assess the time claimed for each activity." *Norman v. Hous. Auth. of City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988)*.* Hours reasonably expended are billable hours that "would be paid for by a reasonable client of means seriously intent on vindicating the rights in issue." *Perkins v. Mobile Hous. Bd.*, 847 F.2d

735, 738 (11th Cir. 1988). Excessive, redundant, or otherwise unnecessary hours should be excluded from the amount claimed by Plaintiff. *Norman*, 836 F.2d at 1301. Moreover, fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

The party opposing fees also has an obligation to provide specific and precise objections concerning hours that should be excluded. *Barnes*, 168 F.3d at 428 (stating that objections from fee opponents must be "specific and reasonably precise"); *Norman*, 836 F.2d at 1301 ("As the district court must be reasonably precise in excluding hours thought to be unreasonable or unnecessary, so should be the objections and proof from fee opponents."). "Generalized statements that the time spent was unnecessary or unreasonable are not particularly helpful and not entitled to much weight." *Norman*, 836 F.2d at 1301; *see also Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997); *Scelta v. Delicatessen Support Srvcs. Inc.*, 203 F.Supp.2d 1328, 1332–33 (M.D. Fla. 2002).

Plaintiff attached Amended Time Entries to his amended Motion. (ECF No. 89-2). While some time entries have been reduced or removed, others have been substantiated to clarify which counts those time entries pertain to. In his amended Motion, Plaintiff represents that he reduced 79.1 hours from his initial Motion, now requesting 192.9 hours. Plaintiff is not seeking compensation for over 20 hours of work spent responding to Defendants' Renewed Motion for Judgment as a Matter of Law. (ECF Nos. 89, 59). Finally, Plaintiff is not seeking compensation for the hours worked by his paralegal.

Defendants respond that the Plaintiff's amendment does not meaningfully respond to the Court's request for argument; instead, Plaintiff's removal of time is an attempt to drop claims he

did not care to pursue. Defendants argue that the edits to Plaintiff's time-entries reflecting the relation of billed work to Plaintiff's excessive force claims is improper absent a proffer on the source of Plaintiff's edits. In support of its argument, Defendants provide a side-by-side comparison of Plaintiff's original time entries against his amended ones. (ECF No. 90-1). During oral argument, Defense counsel cross-examined Plaintiff's counsel on his time records. Plaintiff testified that his timesheets are created on Microsoft Word and kept contemporaneously.

Defendants asserted line-item objections to Plaintiff's billing entries: of the 192.9 hours Plaintiff seeks in his amended motion, Defendants object to all but 23.2 hours (ECF No. 90-3). Indeed, Defendants even object to Plaintiff's counsel's time incurred in trial. The Court will not endeavor to rule on each of Defendants' objections because rather than raising well-placed, specific objections, Defendants mechanically objected on a few general bases to almost every entry.

Defendants' primary objection is that Plaintiff's time entries failed to inform which claim the work was performed in furtherance of and thus it should not be included in the award for the claims on which he prevailed.  Having found that Plaintiff has demonstrated that the work was intertwined, this objection is not well placed.  Next, Defendants object to virtually every time entry on the basis that it is "vague and ambiguous" and lacks sufficient detail to determine the relevance of the work performed.  Defendants' vast overuse of this objection renders it meaningless.  For example, Defendants object to Plaintiff's counsel's time incurred (less than an hour) in researching excessive force claims, a patently relevant endeavor to the prosecution of his successful excessive force claims.

Defendants further object to Plaintiff's use of block billing and having reviewed Plaintiff's time entries, I can agree that certain entries suffer from this billing error, where it appears that

multiple distinct tasks were included in the same chunk of billed time.  However, in other entries, counsel's description delineates separate tasks but all relate to the same goal, for example, drafting and conferring with opposing counsel about the joint scheduling report.  I do not find this to be a systemic error in Plaintiff's counsel's time entries that defeat my ability to assess whether the time he billed on the tasks described was reasonable or not.

Finally, Defendants object to certain tasks that they contend could have been performed by a paralegal or otherwise do not justify the attorney's billing rate to have accomplished those tasks. The majority of entries that Defendants object to on this basis are either very modest amounts of time and/or describe the attorney's time drafting correspondence to opposing counsel or his client. The objection is not well placed.

I have reviewed Plaintiff's time records and compared it to the docket and find that counsel's time incurred in this litigation is reasonable, conservative even for the work performed through a federal trial.  In considering the complexity of the litigation, this case was neither simple, nor exceptional. Leading up to trial, the parties took eight depositions and participated in mediation.  Plaintiff and Defendants both filed Motions *in Limine* which were fully briefed (ECF Nos. 24, 25). Defendants' Motion *in Limine* was denied outright, while Plaintiff's Motion *in Limine* was granted, in part, and denied, in part. (ECF Nos. 41, 46).  Once trial commenced, the Jury heard testimony from seven witnesses, including Plaintiff and two experts.  At the hearing on this Motion, Plaintiff's counsel testified that during the four-day trial, he was sleeping little and working late into the night.

Accordingly, the Court finds that Plaintiff is seeking compensation for a reasonable number of hours billed.  As noted above, the total time for which Plaintiff's counsel seeks reimbursement is reasonable, if not less than what might be expected from the prosecution of his claims through

trial. I recommend no further reduction of Plaintiff counsel's time in calculating the appropriate lodestar in this matter.  Plaintiff should be awarded attorneys' fees for 192.9 hours of work. In light of the Court's prior Order finding a reasonable rate to be $475.00, (ECF No. 86), Plaintiff should be awarded $91,627.50 in Attorneys' Fees.[3]

## C.    Award of Costs

The Court turns to Plaintiff's request for an award of costs under Section 1988.  "[T]he traditional limits of 28 U.S.C. § 1920 do not restrict the recovery of costs" when a plaintiff has sought attorney's fees under Section 1988.  *Mallory v. Harkness*, 923 F. Supp. 1546, 1557 (S.D. Fla. 1996), *aff'd*, 109 F.3d 771 (11th Cir. 1997).  Indeed, "[t]he Eleventh Circuit has held that in civil rights cases reasonable attorney's fees[] 'must include reasonable expenses because attorneys' fees and expenses are inseparably intertwined as equally vital components of the cost of litigation." *Id.* (quoting *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983)). "[W]ith the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988." *Barnes*, 168 F.3d at 438 (quoting *Dowdell*, 698 F.2d at 1192).

This Court denied Plaintiff's previous request for costs on the basis that Plaintiff failed to provide invoices for his requests. In his Amended Motion, Plaintiff states that he removed those requests for Costs previously awarded in this Court's Order, (ECF No. 80), and provided supporting invoices for his remaining costs. Plaintiff seeks $5,779.83 in costs, which include Plaintiff's expert fees, transcripts, and postage and courier costs. (ECF No. 89-3). Defendants

---

[3] Although Plaintiff argued at the May 2, 2024 hearing that his attorneys' fees should be subject to an upward enhancement, he failed to provide briefing on the matter in either his original or amended motion.  Accordingly, the Court should not enhance Plaintiff's awarded attorneys' fees.

respond that many of the requests are nonrecoverable, either because their respective billing entries are vague, or they seek overhead expenses.

Plaintiff seeks $4,028.89 in expert fees and costs to David Ward. (ECF No. 89-3). Defendants object to Plaintiff recovering the full costs associated with the expert fees for Mr. Ward because his testimony dealt with both successful and unsuccessful claims. During oral argument, Plaintiff provided that both of his experts testified regarding all of Plaintiff's claims. Pursuant to 42 U.S.C. § 1988, "the Court in its discretion, may include expert fees as part of the attorney's fee." In light of the Court's finding that Plaintiff's claims are inextricably intertwined, the Court recommends that Plaintiff be awarded the full amount of his expert costs.

Plaintiff further seeks $873.66 for the costs of transcripts and $88.22 for the costs of records from the City of Doral. (ECF No. 89-3). Defendants similarly object to Plaintiff being awarded the full costs of the transcripts and records because there was no accounting for which documents relate to Plaintiff's successful versus unsuccessful claims. However, this objection likewise fails on the Court's finding that the claims are intertwined.

Finally, Plaintiff seeks $49.24 in postage, courier and printing expenses. Defendants object to Plaintiff receiving costs for postage and courier costs as nonrecoverable overhead expenses. "However, as detailed above, under § 1988 Plaintiffs are entitled to recover litigation expenses that go beyond those normally recoverable under § 1920." *ABC Charters, Inc. v. Bronson*, No. 08-21865CIVGOLDMCALI, 2010 WL 1332715, at *7 (S.D. Fla. Mar. 16, 2010). Accordingly, Plaintiff may recover postage and courier costs. *See id*. (awarding postage and courier costs pursuant to § 1988). Defendants did not object to the remaining costs. Accordingly, the Court recommends that Plaintiff should receive the full amount of his requested costs: $5,779.83.

## III.    RECOMMENDATIONS

For the foregoing reasons, the undersigned **RECOMMENDS** that Plaintiff's Amended Motion for Attorney's Fees and Costs (ECF No. 89) be **GRANTED** and that Plaintiff be awarded **$**91,627.50 in attorneys' fees and $5,779.83 in costs.

A party shall serve and file written objections, if any, to this Report and Recommendations with the Honorable K. Michael Moore, United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendations.  Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**RESPECTFULLY SUBMITTED** in Chambers at Miami, Florida, on this 23rd day of July, 2024.

LAUREN F. LOUIS
UNITED STATES MAGISTRATE JUDGE

cc:    Honorable K. Michael Moore
       Counsel of Record

13