UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:21-cv-23267-KMM

VICTOR SEPULVEDA,

    Plaintiff,

v.

CITY OF DORAL, *et al.*,

    Defendants.
_____ /

## **ORDER**

**THIS CAUSE** came before the Court upon Plaintiff's Amended Motion to Tax Attorneys' Fees and Costs with Incorporated Memorandum of Law. ("Mot.") (ECF No. 89). Therein, Plaintiff moves for attorneys' fees and costs against Defendants Albert Tellez, Michael Acosta, and Javier Diaz. *See generally id.* The Court referred the matter to the Honorable Lauren F. Louis, United States Magistrate Judge, to "take all necessary and proper action as required by law with respect to the Amended Motion for Attorney Fees." (ECF No. 91). On May 2, 2024, Magistrate Judge Louis held an evidentiary hearing on the Motion. (ECF No. 98). On July 23, 2024, Magistrate Judge Louis entered a Report and Recommendation, recommending that the Motion for Attorneys' Fees be granted. ("R&R") (ECF No. 99). On August 6, 2024, Defendants filed Objections to the R&R. ("Objs.") (ECF No. 100). The matter is now ripe for review. As set forth below, the Report and Recommendation is ADOPTED.

I.     **BACKGROUND**[1]

On September 13, 2017, Plaintiff was sitting in his vehicle when he was approached by Defendant Omar Felipe, ordered out of his vehicle, and illegally searched. R&R at 2. Plaintiff was arrested and each of the Defendants took turns battering him while he was handcuffed. *Id.* Plaintiff subsequently brought this civil rights action against Defendants pursuant to 42 U.S.C. § 1983, alleging that law enforcement officers employed by the City of Doral, Florida violated his rights under the Fourth and Fourteenth Amendments. *See generally* (ECF No. 1). Plaintiff asserted fourteen claims for relief in the Complaint: battery and false arrest against the City (Counts 1 and 2); § 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment against Defendant Felipe (Counts 3, 4, and 5); § 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment, against Defendant Tellez (Counts 6, 7, and 8); § 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment against Defendant Acosta (Counts 9, 10, and 11); and § 1983 claims for excessive force and malicious prosecution and a state law claim for false arrest/false imprisonment against Defendant Diaz (Counts 12, 13, and 14). R&R at 3.

The case proceeded to a four-day jury trial. *Id.* The Court dismissed ten of Plaintiff's claims at the close of evidence. *Id.* Ultimately, the jury rendered its verdict and found that three individual Defendants (Officers Tellez, Acosta, and Diaz) had subjected Plaintiff to excessive or unreasonable force during an arrest; had battered Plaintiff during his arrest in bad faith, with malicious purpose, or in a manner exhibiting wanton and willful disregard of human rights, safety

---

[1] Though Magistrate Judge Louis thoroughly parsed through the Motion and extracted the allegations therein, the Court nevertheless provides a brief summary based on the factual recitation in the R&R.

or property; had seen other officers use excessive force, had an opportunity to prevent the harm from occurring, but failed to intervene; and had injured Plaintiff during his arrest. *Id.* at 3–4. The jury awarded Plaintiff damages in the amount of $600,000.00. *Id.* at 4.

Now, Plaintiff brings an amended Motion for Attorney's Fees following the Court's prior denial without prejudice of his first motion. *See generally* Mot.

## II.     LEGAL STANDARD

The Court may accept, reject, or modify, in whole or in part, the findings or recommendations made by a magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Court "must consider *de novo* any objection to the magistrate judge's recommendation." Fed. R. Civ. P. 72(b)(3). A *de novo* review is required if a party files "a proper, specific objection" to a finding contained in the report. *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "It is critical that the objection be sufficiently specific and not a general objection to the report" to warrant de novo review. *Id.*

However, a party's objections are improper if they expand upon and reframe arguments already made and considered by the magistrate judge, or simply disagree with the magistrate judge's conclusions. *See Melillo v. United States*, No. 17-CV-80489, 2018 WL 4258355, at *1 (S.D. Fla. Sept. 6, 2018); *see also Marlite, Inc. v. Eckenrod*, No. 10-23641-CIV, 2012 WL 3614212, at *2 (S.D. Fla. Aug. 21, 2012) ("It is improper for an objecting party to . . . submit [ ] papers to a district court which are nothing more than a rehashing of the same arguments and positions taken in the original papers submitted to the Magistrate Judge. Clearly, parties are not to be afforded a 'second bite at the apple' when they file objections to a R & R.") (quoting *Camardo v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992)). When the objecting party has not properly objected to the magistrate judge's findings,

"the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Keaton v. United States*, No. 14-21230-CIV, 2015 WL 12780912, at *1 (S.D. Fla. May 4, 2015); *see also Lopez v. Berryhill*, No. 17-CV-24263, 2019 WL 2254704, at *2 (S.D. Fla. Feb. 26, 2019) (stating that a district judge "evaluate[s] portions of the R & R not objected to under a clearly erroneous standard of review" (citing *Davis v. Apfel*, 93 F. Supp. 2d 1313, 1317 (M.D. Fla. 2000))).

## III.   DISCUSSION

As an initial matter, Magistrate Judge Louis finds that: (1) there is significant overlap in the evidence supporting Plaintiff's claims such that their presentations were inextricably intertwined with one another, R&R at 5–7; (2) Plaintiff's counsel's amended time entries substantially clarify which counts the time entries pertain to and Plaintiff seeks compensation for a reasonable number of hours billed, *id.* at 7–11; and (3) Plaintiff should be awarded the full amount of his requested costs in light of the finding that the claims are inextricably intertwined, *id.* at 11–12.  The Court reviews each of Defendants' Objections in turn.

### A. Plaintiff's Claims Were Inextricably Intertwined

Defendants' first objection is that the R&R erred in the determination that Plaintiff's ten unsuccessful claims were inextricably intertwined with his successful claims.  Objs. at 5–9.  Specifically, Defendants argue that in the Amended Motion for Attorneys' Fees, Plaintiff's counsel altered time entries to make them seem as if they were related to the excessive force claims and it is difficult to trust that Plaintiff made these alterations accurately in September 2024 for work done as far back as March 2018.  *Id.* at 6.  Defendants add that the elements of the claims for false arrest, excessive force, and malicious prosecution do not overlap and Plaintiff's counsel was incorrect in stating that all claims relied on the same set of facts.  *Id.* at 7.

The Court finds that Defendants merely reframe arguments already made and considered by Magistrate Judge Louis. *See Melillo*, 2018 WL 4258355, at *1.  As Magistrate Judge Louis explains, under 42 U.S.C. § 1988, attorneys' fees may be awarded for time spent in pursuing a non-fee shifting claim if the time spent is related to a fee-shifting claim based on a common core of fact or related legal theories. *See* R&R at 5 (citing *Johnston v. Broder*, 36 F.4th 1254, 1282 (11th Cir. 2022)).  Notably, Magistrate Judge Louis emphasizes that "despite having the opportunity to cross-examine Plaintiff's counsel, Defendants at oral argument still failed to dispute Plaintiff's proffer that evidence of the arrest was necessary to complete the story on Plaintiff's excessive force claims." *Id.* at 7.

Accordingly, Defendants' objection regarding the R&R's determination that Plaintiff's claims were inextricably intertwined is overruled.

### B. The R&R Properly Determined Reasonable Hours

Defendants' next objection is that the R&R failed to properly determine whether Plaintiff's counsel worked a reasonable number of hours.  Specifically, Defendants claim that (1) the standard of "reasonably expended on the matter" was not established; (2) the R&R did not include a finding that Plaintiff exercised the requisite "billing judgment;" and (3) it is unfair that Magistrate Judge Louis applied trial counsel's rate to every activity performed, including administrative tasks. Objs. at 6–14.

Again, Defendants' objections reframe arguments already made and considered by Magistrate Judge Louis, or simply disagree with the R&R.  Acknowledging that fee applicants must exercise "billing judgment" and exclude "excessive, redundant, or otherwise unnecessary" hours from their fee petitions, *ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999), Magistrate Judge Louis compared the time records to the docket and found that counsel's time

5

incurred in this litigation was "reasonable, conservative even for the work performed through a federal trial." R&R at 10. The R&R also addresses the other objections that Defendants raise now; for example, Magistrate Judge Louis acknowledges Defendants' objection that certain tasks "could have been performed by a paralegal or otherwise do not justify the attorney's billing rate to have accomplished those tasks." *Id.* She concludes that such entries involve very modest amounts of time and the objection is not well placed. Because Defendants simply disagree with the conclusions set forth in the R&R, the Court finds that Defendants' arguments are not proper objections to Magistrate Judge Louis's R&R. *See Melillo*, 2018 WL 4258355, at *1.

### C. The Award of Costs Is Reasonable

Finally, Defendants object to Magistrate Judge Louis's award of costs because the R&R "made no finding on reasonableness of the costs." Objs. at 14. On the contrary, Magistrate Judge Louis carefully reviewed the request for costs and discussed each request along with Defendants' numerous objections to them. Plaintiff seeks fees and costs with respect to his expert, David Ward; costs for transcripts and records from the City of Doral; and costs for postage, courier, and printing expenses. R&R at 12. As Magistrate Judge Louis correctly noted, all these costs may be awarded by the Court in its discretion under 42 U.S.C. § 1988. *Id.* Upon review of Plaintiff's submission of supporting invoices and Magistrate Judge Louis's assessment of the requests for costs, the Court finds that the award of costs is reasonable.

### IV. CONCLUSION

UPON CONSIDERATION of the Amended Motion to Tax Attorneys' Fees and Costs (ECF No. 89), the pertinent portions of the record, and being otherwise fully advised in the premises, it is hereby ORDERED AND ADJUDGED that the R&R (ECF No. 99) is ADOPTED.

It is FURTHER ORDERED that Plaintiff shall be awarded $91,627.50 in attorneys' fees and $5,779.83 in costs.

DONE AND ORDERED in Chambers at Miami, Florida, this  21st   day of August, 2024.

                                        K. MICHAEL MOORE
                                        UNITED STATES DISTRICT JUDGE

c:   counsel of record